JAMES C. MITCHELL *v*. STATE OF INDIANA.

[No. 977S643. Filed May 30, 1978.]

*John P. Bushemi,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of rape and robbery and was sentenced to concurrent terms of 10 to 25 years for robbery and 18 years for rape.

The evidence most favorable to the State is that between 7:15 and 7:30 a.m. on August 30, 1975, the prosecutrix was cleaning her coin-operated laundry. A man wearing black clothing with a rag over his face entered, pulled a small silver-colored handgun and told her this was a "stick-up." She gave the appellant her money. He then forced her into the bedroom

of her apartment, which was connected to the laundry, and raped her. The prosecutrix testified that there were lights on and that she could see the assailant's face clearly. Later she gave a statement to police and selected appellant's picture as the man who had robbed and raped her.

Appellant claims the trial court erred in overruling his motion to suppress any in-court identification by the prosecutrix on the ground that the pre-trial identification procedure was impermissibly suggestive. The transcript of the hearing on the motion however is not in the record on appeal and therefore the error has not been properly preserved. *Hill* v. *State*, (1977) 267 Ind. 411, 370 N.E.2d 889. Nevertheless, the motion was renewed at trial during the testimony of the prosecutrix and outside the presence of the jury. In this proceeding defense counsel elicited from the prosecutrix that she had not told the investigating police officer that the attacker had taken the rag from his face. Appellant claims because her report to the officer was inconsistent with her trial testimony that the assailant had in fact removed the rag so she was able to obtain a clear look at his face, any in-court identification is so tainted with impermissibly suggestive pre-trial identification procedures as to require exclusion. However the prosecutrix further testified that at the time she reported the incident to the police she was upset, crying and probably just forgot to mention that the assailant had removed the rag from his face. The record also reveals she was not specifically asked this particular question by the police. Taken as a whole, the record does not indicate that the police procedures were impermissibly suggestive or that there was a substantial likelihood of misidentification. *Fields* v. *State*, (1975) 263 Ind. 550, 333 N.E.2d 742. Furthermore, under *Cox* v. *State*, (1978) 267 Ind. 568, 372 N.E.2d 176 and *Williams* v. *State*, (1976) 265 Ind. 190, 352 N.E.2d 733, there is an independent basis for the in-court identification in that the prosecutrix testified that the events lasted more than 15 minutes; that there were

numerous lights on in the laundry and kitchen; and that she was only a few feet from the assailant's face and got a clear look at him. We hold the trial court did not err in overruling appellant's objection to the identification testimony of the prosecutrix.

Appellant next claims the trial court erred in refusing to grant a mistrial. Defense counsel moved for a mistrial after the prosecutrix volunteered testimony beyond the scope of the prosecutor's questions. The granting of a mistrial lies within the sound discretion of the trial court and will be reversed only when abuse of discretion is shown. *Biggerstaff* v. *State,* (1977) 266 Ind. 148, 361 N.E.2d 895. The manner of giving testimony, whether by narrative or question and answer, is also a matter of the trial court's discretion. *Temple* v. *State,* (1964) 245 Ind. 21, 195 N.E.2d 850. The witness in the case at bar was obviously distraught from the ordeal of having to relive a rape and robbery. The testimony to which the trial court granted appellant's motion to strike and admonished the jury to disregard was fully admissible if elicited by proper questioning, and in fact was subsequently admitted through proper questioning. We therefore hold the trial court did not err in refusing to grant a mistrial.

Appellant also challenges the failure to grant a mistrial because of a question propounded by the prosecutor to appellant regarding the time of his arrest. The prosecutor withdrew the question however and the court admonished the jury to disregard it. Thus the appellant can claim no error on appeal. *Hoskins* v. *State,* (1978) 268 Ind. 290, 375 N.E.2d 191.

Finally appellant claims the trial court erred in refusing his motion for directed verdict. A directed verdict can be issued only where there is a total lack of evidence on some essential issue or where there is no conflict in the evidence and it is susceptible only to an inference in favor of the accused. *Nelson* v. *State,* (1972) 259 Ind. 339, 287

N.E.2d 336. The evidence in the case at bar is conflicting but is sufficient to support the verdict of the jury. The resolution of the conflicting evidence was a question for the jury. *Brown* v. *State,* (1970) 255 Ind. 47, 262 N.E.2d 515. We therefore hold the trial court did not err in overruling the motion for a directed verdict.

The trial court is in all things affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 376 N.E.2d 473.