Dennis Ray **FAUGHT**, Appellant
(Defendant below),

v.

**STATE of Indiana**, Appellee
(Plaintiff below).

No. 778S136.

Supreme Court of Indiana.

June 22, 1979.

**1012**

Dennis Brinkmeyer and Jack N. Van-Stone, Evansville, for appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Dennis Faught, was convicted by a jury of two counts of murder in the first degree, Ind.Code § 35–13–4–1 (Burns 1975), and was sentenced to two concurrent life sentences. He now appeals raising the following issues:

1. Whether the trial court erred in denying defendant's motion for a mistrial which alleged prejudicial remarks by the judge in the jury's presence and whether defendant was denied a fair trial thereby;

2. Whether the trial court erred in denying defendant's motion for a mistrial after evidence that a defense witness was intimidated by police;

3. Whether the trial court erred in failing to have defendant present for a hearing regarding defendant's motion for mistrial outside the presence of the jury;

4. Whether the trial court erred in denying defendant's motion for judgment on the evidence and whether the evidence at trial supports the jury's verdict and the judgment of the trial court;

5. Whether the trial court erred in giving various instructions tendered by the state;

6. Whether the trial court erred in refusing defendant's tendered instruction regarding circumstantial evidence and giving the state's instruction regarding the same;

7. Whether the trial court erred in refusing defendant's instruction number 3 as tendered; and

8. Whether the trial court erred in admitting evidence regarding circumstances and events which occurred after the time that was set out in the state's response to defendant's notice of alibi.

Defendant sets out two other issues in his brief, but fails to present any argument on these issues as required by Ind.R.Ap.P. 8.3(A)(7). "Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived." Ind.R. Ap.P. 8.3(A). Therefore, we shall not discuss these issues.

The facts of this case most favorable to the state are here set forth.

On November 30, 1975, defendant and his accomplices began staking out the house of one of the victims, Joe Edwards, for the purpose of robbing Edwards of heroin. They waited for Edwards to return from a drug purchasing trip to Chicago. When he did not return, defendant and his accomplices retired for the evening. On the morning of December 1, 1975, defendant Faught, James Benton, Rodney McGillicuddy and Michael Van Way returned to Edwards's residence. Defendant and Benton entered the house. During a conversation with Edwards, Faught took out a pistol and Benton drew out a sawed-off shotgun. Faught discharged his weapon and Edwards slumped over. He then told Benton that they would have to "get rid of witnesses," meaning Phyllis McCown who was also in the room. Faught then shot McCown and again shot Edwards. Benton testified at trial that he saw Faught shoot all but the first shot. He said that he was in the room at the time of the first shot and heard its report. Edwards and McCown died of their wounds.

### I.

The defendant first complains that during the course of the trial the judge made certain remarks that badly prejudiced defendant's case and thus deprived him of a fair and impartial trial. Defendant cites two instances which allegedly prejudice his case.

The first incident occurred when defense counsel, Mr. Rice, was cross-examining a witness for the state. Rice exhibited a gun which had previously been identified by the witness as the gun used in the killings. Counsel then returned to the counsel table and placed the gun there. This action prompted the following exchange:

COURT: "Mr. Bailiff, remove that weapon back to the box. I realize, sir, that it is not loaded."

RICE: "Well, I assure you of that."

COURT: "Ask your question."

RICE: "May I confer in the Judge's chambers please."

COURT: "Ask your question, sir."

RICE: "I'm asking the Court's indulgence to permit me to meet with counsel."

COURT: "Very well. I will meet with counsel in chambers. We'll be at ease for a minute or two."

Defendant claims that the judge's inflammatory tone unduly prejudiced his case.

■ Defendant has not properly preserved this issue for appeal in that he made no objection or motion at trial regarding the judge's remarks. *Misenheimer v. State,* (1978) Ind., 374 N.E.2d 523. Nevertheless, we cannot see that the judge acted improperly here. The judge has the responsibility to preside over the trial. He is well within his proper role when he demands that evidence be returned to the evidence box. If he seemed particularly emphatic making this statement, the jury would likely interpret his tone as reflecting concern for the evidence.

The second incident of which defendant complains is a more serious allegation regarding the trial judge's conduct. The discussion which is the subject of this complaint occurred during prosecuting attorney Atkinson's redirect examination of decedent Phyllis McCown's mother:

Questions by Jerry Atkinson, Esq.

Q. "She never did come home, did she?"

COURT: "I'm sorry, sir, I did not hear your question."

ATKINSON: "I'll withdraw it."

COURT: "Any other questions?"

RICE: "Now, Your Honor, I'm going to move . . ."

COURT: "He withdrew the question. The witness is excused. Thank you, Mrs. McCown. Are there any other witnesses?"

ATKINSON: "Yes, sir, I have one more witness."

RICE: "Your Honor, I'm asking for a mistrial, because of the conduct of the Prosecuting Attorney in asking the last question posed solely for the purspose [sic] of causing this defendant to be prejudiced in the eyes of this Jury."

COURT: "Mr. Rice, after your conduct in this Court room today, your motion for a mistrial is overruled. Call your next witness please."

ATKINSON: "Mrs. Debra Smith."

RICE: "Well, Your Honor, as part of the record, I . . ."

ATKINSON: "Might I ask, Your Honor, the Jury be excused."

COURT: "Ladies and gentlemen of the Jury, observing your admonition, retire to your Jury room and await the call of your Bailiff."

(Jury is excused.)

RICE: "At this time, Your Honor, I am asking for the submission of this cause be taken from the Jury and a mistrial declared, because of the statement made by Your Honor according to my conduct. And, I do not quite know what you mean, but certainly whatever it might have been, I have been not guilty of any misconduct to my knowledge."

COURT: "I will set the record straight then, Mr. Rice."

RICE: "Well, let me finish, please sir."

[RICE:] "And, because of the remarks of the Court in the presence of the Jury, I feel that this defendant's case has been so badly prejudiced that he cannot be fairly and impartially tried by this Jury."

COURT: "And, now outside the presence of the Jury, the Court advises counsel in this case that because of the conduct of defendant's counsel in taking a firearm from the exhibit table, laying it on the counsel table, turning his back from it, and leaving it lay there much to the consternation of this Judge; by counsel's conduct in smirking and grinning and grimacing at Jurors when a particularly unseemly question was asked of witnesses during the trial of this case, the Court overrules the defendant's motion for mistrial."

RICE: "And, may I add something to Your Honor's statement for the record purpose and not in any manner of any controversy, sir?"

COURT: "You may, sir."

RICE: "And, for record purposes, counsel for the defendant denies such conduct."

COURT: "Very well."

ATKINSON: "One matter also, Your Honor, a comment for the record. Marion Rice, honorable counsel for the defendant, had inquired several times about the young lady in question, the decedent Phyllis McCown, and had been engaged in questioning the witness about whether or not the young lady came home pursuant to her offer, and the State of Indiana sought to elicit further information as to whether or not the young lady had come home. That's the question that I propounded and withdrew."

COURT: "I understood that. Now, you say you have another witness?"

We set out this discussion in full because of the nature of the judge's remarks both in and out of the hearing of the jury.

While the granting of a mistrial rests largely in the sound discretion of the trial judge, *White v. State,* (1971) 257 Ind. 64, 272 N.E.2d 312, we believe that the judge should base his ruling on the merits of the motion and not on extraneous conduct at trial. The trial judge here overruled two motions for mistrial. In one instance he said, ". . . after your conduct in this Court room today, your motion for a mistrial is overruled." And in the second instance he said, ". . . because of the conduct of defendant's counsel . . . the Court overrules the defendant's motion for mistrial." The defense counsel's conduct was irrelevant to the motions for mistrial.

However, this Court will not disturb a trial court's ruling on a motion for mistrial absent evidence that the judge abused his discretion. Defendant must show "that he was placed in a position of grave peril as a result of the improper remark." *Dewey v. State,* (1976) 264 Ind. 403, 409–10, 345 N.E.2d 842, 847.

This Court is not persuaded that the judge's remarks prevented defendant from

getting a fair trial. Defendant directs us to no further evidence of possible bias or partiality of the judge or any further remarks that would prejudice the jury. This is not a case where the record is permeated with evidence of judicial bias as we found in *Kennedy v. State,* (1972) 258 Ind. 211, 280 N.E.2d 611, and *Brannum v. State,* (1977) Ind., 366 N.E.2d 1180. In fact, both incidents which defendant cites occur before the defendant's entire case. We find no hint of prejudicial conduct throughout the remainder of the record. What prejudice may have resulted from the judge's remarks was surely diluted by the defendant's case and proper conduct of all taking part in the trial.

## II.

 Defendant argues that the trial court erred in denying his motion for mistrial based on evidence at trial that a police officer intimidated a defense witness, one James Trailer. There was substantial conflict in the evidence as to whether the witness spoke with the officer regarding this case and when any such conversation might have taken place.

The trial court has broad discretion in ruling on a motion for mistrial and the ruling will not be disturbed absent clear error, *Randolph v. State,* (1978), Ind., 378 N.E.2d 828, or abuse of discretion, *Mitchell v. State,* (1978) Ind., 376 N.E.2d 473. Given the conflicting evidence on this matter, we cannot say that the trial court abused its discretion in denying defendant's motion for mistrial.

## III.

 Defendant next asserts that the trial court erred in holding a hearing regarding defendant's motion for mistrial in the absence of defendant. The hearing was held in Evansville for the convenience of counsel and the witnesses. There is nothing in the record which establishes whether defendant was absent or present at the hearing. An error alleged but not disclosed by the record is not a proper subject for review. *Mendez v. State,* (1977) Ind., 370

N.E.2d 323. Furthermore, defendant made no objection at trial or any other effort to make a proper record. Accordingly we decline to discuss this issue.

## IV.

 Defendant claims that the trial court erred in denying defendant's motion for judgment on the evidence and he claims that the verdict of the jury and judgment of the trial court are not supported by the evidence. In reviewing the sufficiency of the evidence, we are constrained to consider that which is most favorable to the state, together with all reasonable and logical inferences to be drawn from the evidence. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Henderson v. State,* (1976) 264 Ind. 334, 343 N.E.2d 776.

 We find here ample evidence of probative value in the record, including an eyewitness account by an accomplice, to sustain the verdict of the jury and judgment of the trial court. It is elementary that where there is sufficient evidence to support the verdict, an earlier ruling denying a motion for directed verdict was proper since

> "[a] directed verdict can be issued only where there is a total lack of evidence on some essential issue or where there is no conflict in the evidence and it is susceptible only to an inference in favor of the accused." *Mitchell v. State,* (1978) Ind., 376 N.E.2d 473, 475.

Therefore the trial court did not err in denying defendant's motion for directed verdict.

## V.

 Defendant next asserts that the trial court erred in giving the state's tendered instructions numbered 2, 3, 5, and 6. However, defendant fails to cite any authority for his position in the argument section of his brief as required by Ind.R.Ap.P. 8.3(A)(7). Furthermore, defendant fails to set out the "verbatim objections, if any,

made thereto." Ind.R.Ap.P. 8.3(A). Therefore, any alleged error regarding the giving of state's instructions 2, 3, 5, and 6 is deemed waived. Ind.R.Ap.P. 8.3(A).

## VI.

Defendant next claims as error the trial court's refusal to give his tendered instruction on the matter of circumstantial evidence and the giving of the state's instruction regarding the same.

Defendant's instruction reads as follows: "When the evidence before the jury is partially circumstantial, as in the case before us, certain rules have been established for the jury's guidance. It is not enough that the circumstances be consistent with the hypothesis of guilt. They must be of so conclusive a character and point so surely and unerringly to the guilt of the accused as to exclude every reasonable hypothesis of his innocence.

"In the consideration of cases which rest partially or wholly upon circumstantial evidence, each case must be acted upon wholly by itself, and the result is to be determined from the circumstances peculiar to it. But all the circumstances as proved must be consistent with each other, and, taken together, they must point surely and unerringly in the direction of guilt."

First, we note that an instruction on circumstantial evidence is not required here. "Instructions upon circumstantial evidence are not required to be given where the evidence of guilt is direct and positive or where some is direct and some is circumstantial." *Hitch v. State,* (1972) 259 Ind. 1, 12, 284 N.E.2d 783, 789. Therefore, the refusal of an instruction regarding circumstantial evidence in the case at bar was not error because of the mixed nature of the evidence which included direct eyewitness testimony.

Second, defendant cites as authority for his tendered instruction the case of *McAdams v. State,* (1948) 226 Ind. 403, 81 N.E.2d 671. However, defendant misrepresents the law as stated in that case in the first paragraph of his tendered instruction. That case says, "When the evidence before the jury is *entirely* circumstantial . . .," 226 Ind. at 412, 81 N.E.2d at 675, (emphasis added). Defendant's instruction prefaces his statement of the law with "When the evidence before the jury is *partially* circumstantial . . . ." (Emphasis added.) Defendant's instruction misstates the law.

The instruction actually given by the court is a proper statement of the law regarding circumstantial evidence. The court told the jury:

"Any fact necessary to be proved in this case may be proved by direct evidence of eyewitnesses, or by circumstantial evidence, or by both circumstantial evidence and direct evidence of eyewitnesses. Circumstantial evidence is to be regarded by the jury in all cases. When it is strong and satisfactory, the jury should so consider it, neither enlarging nor belitting its force. It should have its just and fair weight with the jury and if, when it is taken as a whole and is fairly and candidly weighed, it convinces the guarded judgment, the jury should act upon such conviction. You are not to fancy situations or occurrences which do not appear in the evidence, but you are to make such just and reasonable inferences from the circumstances proved as the guarded judgment of a reasonable man ordinarily would make under like circumstances."

This instruction was approved in *Wolfe v. State,* (1928) 200 Ind. 557, 159 N.E. 545, and is still a valid statement of the law today. The trial court committed no error in giving its instruction on circumstantial evidence.

## VII.

Defendant urges that the trial court erred in giving only the first paragraph of the following tendered instruction.

"The Court instructs you that in response to the Defendant's Notice of Alibi, the State was required to and did file an Answer thereto stating that the date and time of the occurrence was Monday, December 1, 1975, between the hours of 8:00 o'clock A.M. and 2:00 o'clock P.M.

"You are further instructed that if the State of Indiana does not produce sufficient evidence to convince you beyond a reasonable doubt that the offense alleged occurred at the above time and date, then you must find the Defendant not guilty."

 Tendered instructions which are not related to the evidence adduced at trial need not be given. *McDonald v. State,* (1976) 264 Ind. 477, 346 N.E.2d 569. Here, defendant offered no evidence of alibi at trial. We are confused as to why the trial court gave the first paragraph of this instruction which, standing alone, would seem to have little meaning to a jury. Nevertheless, the trial court was not required to give an instruction regarding alibi and properly refused to give defendant's instruction as tendered.

## VIII.

Defendant claims that the trial court erred in admitting evidence regarding circumstances and events which occurred after the time set out in the state's response to defendant's notice of alibi. In said response, the state set out the time of the murders as being between 8:00 a. m. and 2:00 p. m. on December 1, 1975. A state's witness testified with respect to what he observed in and around the scene of the crime on the evening of December 1, 1975.

 The evidence in question was offered in connection with the state's contention that defendant returned to the scene of the crime to remove evidence. Subsequent events may be shown in evidence for the purpose of connecting the defendant with the crime. *Evans v. State,* (1946) 224 Ind. 428, 68 N.E.2d 546. The evidence was not admitted in error.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.