**Iris Y. WADE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 778S134.**

Supreme Court of Indiana.

July 25, 1979.

Larry T. Miller, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Second Degree Murder, Ind.Code § 35–1–54–1 (Burns 1975), in a trial by jury and sentenced to an indeterminate term of imprisonment of not less than fifteen (15) nor more than twenty-five (25) years. The direct appeal presents the following issues:

(1) The refusal of her tendered Instruction No. 10 which defined reasonable doubt.

(2) The refusal of her tendered Instruction No. 11 defining voluntary and involuntary manslaughter.

(3) The admission of rebuttal testimony repetitive of that given in direct examination.

(4) The denial of her motion for a directed verdict, made at the conclusion of evidence.

(5) Whether the verdict is sustained by sufficient evidence.

\* \* \* \* \* \*

### ISSUES I and II

Defendant tendered Instructions Nos. 10 and 11, defining reasonable doubt, voluntary manslaughter and involuntary manslaughter, which were refused by the court. Defendant assigns such refusal as error but has failed to follow Appellate Rule 8.3(A)(7) in respect thereto. Accordingly, such issues are not subject to appellate review, as a matter of right. We have, with reluctance, however, searched the record to ascertain if these assignments have merit and have found not only the tendered instructions to be objectionable but also the substance thereof to have been properly and adequately covered in instructions given. *Davis v. State,* (1976) 265 Ind. 476, 355 N.E.2d 836. Additionally we note that the

defendant tendered twelve instructions, and that the court gave the number limited by Trial Rule 51(D). *Buchanan v. State,* (1975) 263 Ind. 360, 332 N.E.2d 213; *Timm v. State,* (1976) 265 Ind. 537, 356 N.E.2d 222.

## ISSUE III

State's witness Gwendolyn Taylor testified during the State's case in chief that she had not seen the decedent armed with a weapon on the night she was killed. Subsequent to the defense having rested its case, Taylor was questioned on rebuttal as to whether she had seen the decedent armed on the night in question. Defense counsel objected before an answer was given, upon the grounds that such questioning was repetitious and beyond the scope of rebuttal. His objection was sustained and the State withdrew the question. On cross examination defense counsel proceeded to ask a similar question of Taylor concerning whether she had ever seen the decedent armed.

■■■ Defendant contends on appeal that the trial court erred in allowing repetitious testimony to be presented on rebuttal. As she has failed to present any argument or cite any authority on this issue in her brief, Appellate Rule 8.3(A)(7), it is not subject to review. Again, however, we find no merit in her contention of error, inasmuch as the testimony she sought to exclude was excluded in response to her objection and only surfaced in answer to a question posed by her own counsel. Counsel has neither favored us with a recital of the testimony complained of nor cited us to that part of the record where it may be found. We conclude therefrom that the error, if any, was harmless.

## ISSUES IV and V

■■■ When reviewing a claim of insufficient evidence, as a court of review, we will neither reweigh the evidence nor judge the credibility of the witnesses, *Beasley v. State,* (1977) Ind., 370 N.E.2d 360; *Robinson v. State,* (1977) Ind., 365 N.E.2d 1218. Rather, we will look only to that evidence most favorable to the State along with all reasonable inferences to be drawn therefrom, in an effort to determine whether the evidence supports the decision of the trier of fact upon each of the elements of the crime charged beyond a reasonable doubt. *Baum v. State,* (1976) 264 Ind. 421, 345 N.E.2d 831.

Viewing the evidence in such a light, we find that the defendant entered the High Chapparal Bar on November 12, 1976, carrying a handgun in her pocket. She became involved in an argument with a waitress at the bar, Patricia King, over scratches which King had allegedly made on her car. The defendant threatened to shoot King, at which time several patrons intervened in an attempt to break up the quarrel. As King turned from the bar, the defendant shot her. King later died of the gunshot wound she received. Several witnesses testified at trial to the foregoing events, in addition to which the arresting officer testified that the defendant stated while at the police station, that she had "shot that bitch."

The defense presented several witnesses who testified to previous threats which the decedent had made to the defendant. The defendant took the stand and testified that she had argued with the decedent on the night in question, and that the decedent had threatened her life. She further testified that the decedent had appeared to be armed with either a razor or a knife at the time. She was unable to relate any of the events following their argument due to a lapse in her memory.

■■■ On appeal the defendant contends that the State failed to prove the requisite elements of malice and purpose and to negate her claim that she was acting out of fear at the time of the shooting. Any question of self defense was a matter to be determined solely by the jury as the triers of fact. *Hoover v. State,* (1978) Ind., 376 N.E.2d 1152. Conflicting evidence was presented as to whether the decedent was armed, the defendant having been the only person who testified to having seen a weapon, and it was for the jury to decide which version of the facts to believe.

With regard to the State's proof of the requisite elements of second degree murder, we have frequently stated that malice may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm, *Hoover v. State, supra*, with the purpose to kill inferred from the act of killing. *Kerns v. State*, (1976) 265 Ind. 39, 349 N.E.2d 701. The defendant entered the bar armed with a gun, with the express purpose of confronting the decedent. After threatening the decedent's life, she shot her and later admitted to having done so. The evidence supports the inference that she acted with both malice and purpose.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.