Jack L. MORLAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 880S352.

Supreme Court of Indiana.

Dec. 23, 1981.

J. Patrick Smith, LaPorte, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Attempted Murder and sentenced to a thirty (30) year term of imprisonment.

■ Appellant raises four issues concerning an allegedly prejudiced and improperly impaneled juror. However, there is nothing in this record to show there was a timely objection to this alleged impropriety in the trial court. We, therefore, deem the four issues now presented in this appeal to be waived.

Appellant attempts to explain his failure to object at the trial level by affidavits filed in this cause. The affidavits state appellant knew juror Borelli was a Starke County Commissioner but was unaware of the meaning of "commissioner." After the case had been submitted to the jury for its deliberation, appellant's companion told appellant and his counsel, juror Borelli was an employee of Starke County. There is a discrepancy in appellant's affidavit and the affidavit of his defense counsel as to the exact time of the information. Defense counsel states in his affidavit he was informed during the lunch hour on March 10, 1980. The motion for mistrial and for a new trial was filed by counsel on March 26, 1980, sixteen (16) days following the revelation and the return of the jury's verdict.

■ The decision to grant or deny a motion for mistrial lies within the sound discretion of the trial judge. Absent an abuse of discretion, we will not disturb the trial court's ruling. *Drollinger v. State*, (1980) Ind., 408 N.E.2d 1228. If previous to the verdict the defendant or his counsel became aware of grounds for challenging a juror for cause and failed to promptly inform the court and challenge the juror, the issue would be considered waived. *Barnes v. State*, (1975) 263 Ind. 320, 330 N.E.2d 743. We therefore hold issues emanating from this allegation of error to be waived.

■ Although appellant claims the verdict is contrary to law, he completely fails to argue the issue in his brief. Consequently, this issue is not subject to appellate review. *Wade v. State*, (1979) Ind., 392 N.E.2d 456; Ind.R.App.P. 8.3(A)(7).

The trial court is affirmed.

All Justices concur.