Michael Landon **DENEAL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 284S49.

Supreme Court of Indiana.

Oct. 9, 1984.

John C. Skinner, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Battery, a class C felony, and Robbery, a class B felony. He was sentenced to serve concurrent terms of eight (8) years and eighteen (18) years for the respective offenses.

The facts are: In the early morning hours of May 4, 1983, Robert Jakich and Ray Hill drove to a street corner in Gary where they engaged the services of two prostitutes. The women got into Jakich's motor home. Jakich drove to a nearby parking lot and stopped the vehicle.

Approximately fifteen minutes later appellant entered the motor home. Armed with a revolver, he demanded money and Jakich's and Hill's wallets. Appellant pulled Jakich down from an upper bunk and struck him three times with the revolver. Jakich managed to pull out his handgun, and proceeded to fight with appellant. Appellant sustained several gunshot wounds in the struggle, but was able to take Jakich's gun away and inflict further injury.

Appellant, along with the two women, then fled. Hill reported the incident to the police, who called St. Mary's Medical Center to determine if any gunshot victims had been admitted. Thomas Candiano, an off-duty Gary police officer employed as a security guard at the hospital, discovered that appellant had been admitted for treatment.

Candiano spoke briefly with appellant, who refused to divulge the identity of the individual who had shot him. Candiano recognized the two females in appellant's room as prostitutes, and left to call in for any outstanding warrants. One of the females ran when she realized that she knew Candiano. She was apprehended by Candiano, while the other female was apprehended by a backup officer, Dennis Farias. Both women were placed under arrest.

As the officers were escorting them across the hospital parking lot, one of the women inquired about her car. Candiano told her the car would be towed, at which point the second woman gave Candiano the keys to the car. As Candiano approached the car to take the license plate number

and conduct a routine inventory search, he perceived what he believed to be blood on the trunk lid. He opened the trunk with the key given to him and discovered items taken during the robbery. These items were placed in police custody.

At the outset we note that appellant has listed eight issues in his brief under the Statement of Issues. They are basically those enumerated in his Motion to Correct Errors. Of the eight issues so raised, five are not discussed in the Argument section of his brief. These unargued issues are deemed waived. Ind.R.App.P. 8.3(A)(7); *Morlan v. State*, (1981) Ind., 429 N.E.2d 240; *Lock v. State*, (1980) 273 Ind. 315, 403 N.E.2d 1360.

Appellant first claims that there was insufficient evidence to support the jury's verdicts. He asserts that the State did not prove the element of intent under either count. Appellant has also alleged error in the trial court's denial of his motion for directed verdict, which we combine with the issue of sufficiency of the evidence. Ind.R. App.P. 8.3(A)(7).

■ We will not weigh the evidence nor judge the credibility of witnesses. *Smith v. State*, (1982) Ind., 429 N.E.2d 956; *Sloan v. State*, (1980) 274 Ind. 62, 408 N.E.2d 1264.

"A person who knowingly or intentionally touches another person in a rude, insolent or angry manner commits battery, a Class B misdemeanor." Ind.Code § 35–42–2–1 (West 1984 Supp.). The offense rises to the level of a class C felony "if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon." Ind.Code § 35–42–2–1(3) (West 1984 Supp.).

■ The trier of fact may employ reasonable inferences based upon an examination of the circumstances surrounding an act to conclude it was committed with the requisite intent. *Washington v. State*, (1982) Ind., 441 N.E.2d 1355; *Norris v. State*, (1981) Ind., 419 N.E.2d 129. Here, appellant unexpectedly entered Jakich's motor home openly brandishing a handgun. After pulling Jakich down from the upper bunk, he struck him with the revolver and kicked him. He put the revolver in Jakich's mouth. As a result of appellant's acts, Jakich sustained a concussion, broken nose, broken finger, bruises, contusions and a cut in the mouth. The jury could reasonably infer that appellant intentionally committed battery.

■ As to the robbery, there was direct evidence relating to the element of intent. Jakich testified that appellant entered the motor home and "told us to give him our money and wallet." He also testified that appellant forcibly took his handgun from him. Hill testified that when appellant came into the vehicle he said, "[T]his is a hold-up. I want your money." Hill further stated that appellant took his wallet which contained his identification, driver's license, social security card, credit cards, cash and a paycheck, all of which were recovered in the trunk of the car. We find that there was sufficient evidence on the element of intent to commit robbery.

■ As we find there was sufficient evidence to support the jury's verdict on both counts, we find no error in the trial court's dismissal of appellant's motion for directed verdict. A directed verdict can be issued only where there is a total lack of evidence on some essential issue or where there is no conflict in the evidence and it is susceptible only to an inference in favor of the accused. *Faught v. State*, (1979) 271 Ind. 153, 390 N.E.2d 1011.

Appellant next asserts the trial court erred in denying his motion to suppress the evidence seized from the trunk of the car parked in the hospital lot. He contends that because he was not under arrest at that time and no warrant had been issued, the search of the trunk was unlawful.

■ An inventory of a properly impounded vehicle is an exception to the general requirement that a warrant is necessary before a search may be undertaken. *Brown v. State*, (1982) Ind., 442 N.E.2d 1109; *Dearing v. State*, (1979) 271 Ind. 432, 393 N.E.2d 167. Officers Candiano and Farias had arrested the two females

who were present in appellant's hospital room. As part of routine procedure, the officers were to inventory the contents of the vehicle before it was towed. The contents of the trunk included items taken during the robbery perpetrated by appellant. The trial court did not err in denying appellant's motion to suppress.

Appellant claims the trial court erred in admitting a number of State's Exhibits. He argues that Exhibits 2 through 11, all photographs, were improperly admitted due to lack of foundation and authentication, and that Exhibits 13 through 18, the items recovered from the trunk of the car, should have been excluded due to the allegedly unlawful search.

 To be admissible, photographs must be shown to truly and accurately depict the things they are intended to portray. *Stewart v. State*, (1982) Ind., 442 N.E.2d 1026; *Bray v. State*, (1982) Ind., 430 N.E.2d 1162. Jakich, during testimony, identified Exhibits 2 through 8 and authenticated their accuracy. Officer Candiano identified Exhibits 9 through 11 and testified that they were accurate. Hill identified Exhibit 9 on direct examination. For the reasons discussed *infra*, Exhibits 13 through 18 were admissible. We find no error in the admission of the State's Exhibits.

The trial court is in all things affirmed.

All Justices concur.