Michael A. JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8811–CR–939.

Supreme Court of Indiana.

May 3, 1990.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Count I, Dealing in Cocaine, a Class B felony, for which he received a sentence of fifteen (15) years; Count II, Possession of Cocaine, a Class D felony, for which he received a sentence of four (4) years; Count III, Dealing in a Schedule I Controlled Substance, a Class B felony, for which he received a sentence of fifteen (15) years; Count IV, Possession of a Controlled Substance, a Class D felony, for which he received a sentence of four (4) years; Count V, Dealing in Marijuana, a Class D felony, for which he received a sentence of four (4) years; Count VI, Possession of Marijuana, a Class D felony, for which he received a sentence of four (4) years; and Count VII, Carrying a Handgun Without a License, a Class A misdemeanor, for which he received a sentence of one (1) year. The court ordered that Counts I and II were to be served concurrently to each other but consecutively to Counts III and IV. He further ruled that Counts III and IV be served concurrently to each other, and that Counts V and VI also be served concurrently to each other and to Counts I, II, III, and IV. Count VII was to be served consecutively to Counts I, II, III, and IV, for a total executed sentence of thirty-one (31) years.

The facts are: On November 3, 1987, Indianapolis Police Officer Black was preparing to begin his duty shift when he heard two gunshots nearby. Dewayne Johnson immediately ran to the officer claiming that a man was shooting at him. Johnson pointed the man out and also indicated the man's automobile to the officer. The officer observed appellant enter an entryway to the apartment building near his parked car. The officer observed appellant place an object under a radiator in the foyer. Upon investigation, Officer Black discovered the object to be a revolver.

The officer arrested appellant and proceeded to search him. The search revealed a controlled substance which later was determined to be marijuana. The officer found a substance which later was discovered to be LSD. He also found what later was discovered to be 1.361 grams of cocaine. The officer then had the license plate of the vehicle checked and found that appellant was the owner and further that the location in which it was parked was not appellant's residence.

Inasmuch as appellant was placed under arrest and was to be transported to the jail, the officer impounded his automobile. An inventory search of the vehicle revealed paraphernalia and controlled substances including a total of 143.93 grams of marijuana. The officer also found a second handgun in appellant's car.

Appellant claims the trial court erred when it overruled his motion to suppress items seized pursuant to what he claims was an illegal search of his car. Officer Black obviously had probable cause to effect an arrest of appellant under the circumstances described above. Further, when the search of appellant produced con-

trolled substances necessitating appellant's arrest and confinement, Officer Black not only had the right but the duty to impound appellant's vehicle. *See Deneal v. State* (1984), Ind., 468 N.E.2d 1029.

Appellant makes the point that the automobile was parked on private property; thus it should not have been impounded. Such is only true if the vehicle is parked at the home of the person being arrested. Here, as in *Deneal,* although the vehicle was on private property, it nevertheless was not property controlled by appellant and impoundment of the vehicle concurrently with appellant's arrest was proper. *Id.* The trial court therefore did not err in refusing to suppress evidence of items taken from the vehicle.

Appellant contends the trial court erred when it overruled his objection that testimony given by Officer Black constituted inadmissible hearsay. Appellant objected to Officer Black's testimony that Dewayne Johnson ran up to him claiming that a man was shooting at him and further that Johnson identified the vehicle in question as belonging to the man who was shooting at him.

At the time appellant objected to Black's testimony, the State contended that the evidence was being submitted not for the truth of the matter asserted therein but to explain Officer Black's action in the matter. The trial court agreed with the State and overruled appellant's objection. It is entirely proper for the State to present evidence to explain why a police officer takes certain action in line with his duties. *Moore v. State* (1986), Ind., 498 N.E.2d 1; *Boyd v. State* (1986), Ind., 494 N.E.2d 284, *cert. denied,* 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860.

Appellant, however, takes the position that Officer Black's testimony far exceeds that in the above cases. We do not agree with appellant's observation. Officer Black's testimony regarding Johnson's statements was combined with testimony that the shots the officer heard had been fired by appellant at Johnson and that the automobile parked nearby was appellant's vehicle. Such evidence was not used by the State to establish either one of those facts but merely to explain Officer Black's subsequent action.

The evidence submitted by the State to prove that appellant in fact fired the shots was the circumstantial evidence of his secreting a handgun under a radiator in the apartment foyer, and his ownership of the automobile was proven by the direct evidence concerning the registration of the vehicle. The trial court did not err in permitting Officer Black to testify concerning Johnson's statements to him.

We find no reversible error. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.