**Rick L. GILLEY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 40S00–8806–CR–522.

Supreme Court of Indiana.

Oct. 5, 1990.

Mark J. Dove, Rogers & Dove, North Vernon, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, Rick L. Gilley, was convicted of voluntary manslaughter. In this direct appeal, he contends that the State should not have been allowed to amend the information to add a voluntary manslaughter charge and that the voluntary manslaughter charge should not have gone to the jury because there was no evidence of sudden heat.

The defendant was originally charged with one count of murder. Approximately one month after the omnibus date and one week before trial, the trial court allowed the State to add a second count, a charge of voluntary manslaughter. Both counts went to the jury which found the defendant guilty only of voluntary manslaughter.

■ The defendant argues the amendment was a matter of substance, which could only have been made no more than 30 days before the omnibus date pursuant to Ind.Code § 35–34–1–5(b)(1). He contends that the amendment was one of substance because it changed the range of available penalties. *Clifford v. State* (1985), Ind., 474 N.E.2d 963; *Marts v. State* (1982), Ind., 432 N.E.2d 18. The possible penalty range for murder is 30 to 60 years. *See* Ind.Code § 35–50–2–3(a). The defendant erroneously asserts that a possible aggregate penalty for convictions of both murder and class B voluntary manslaughter is 80 years. However, the defendant could not have been convicted and sentenced for both murder and the included offense of voluntary manslaughter arising from the same conduct.

The defendant next argues the trial court erred in denying his motion for judgment on the evidence regarding the voluntary manslaughter charge and in instructing the jury on voluntary manslaughter because the State presented no evidence of sudden heat.

■ A motion for judgment on the evidence may only be granted where there is a total lack of evidence on some essential issue or where there is no conflict in the evidence and it is susceptible only to an inference in favor of the accused. *Anderson v. State* (1984), Ind., 466 N.E.2d 27; *Faught v. State* (1979), 271 Ind. 153, 390 N.E.2d 1011.

Appellant is mistaken in considering sudden heat a constituent element of the crime of manslaughter. The statute clearly states that sudden heat is a mitigating factor in conduct that would otherwise constitute murder, rather than a positive element. While it is plainly the State's burden to prove the existence of each element of a crime by substantial evidence beyond a reasonable doubt, it is not the State's burden to prove the existence of a mitigating factor. *Russell v. State* (1981), 275 Ind. 679, 684, 419 N.E.2d 973, 976. *See also Palmer v. State* (1981), Ind., 425 N.E.2d 640. The State is not required to establish sudden heat in order to sustain a conviction for voluntary manslaughter. *Mills v. State* (1987), Ind., 498 N.E.2d 1236; *Anthony v. State* (1980), 274 Ind. 206, 409 N.E.2d 632. The trial court did not err in denying the defendant's motion for judgment on the evidence.

The defendant urges that it was error to give the instruction on voluntary manslaughter over his objection because of the absence of evidence of "sudden heat." The State responds that in a prosecution for murder, the jury has the right to find a defendant guilty of voluntary manslaughter as a lesser included offense, even in the absence of proof of sudden heat. *O'Conner v. State* (1980), 272 Ind. 460, 399 N.E.2d 364. The defendant argues that

*O'Conner* was impliedly overruled by *Ward v. State* (1988), Ind., 519 N.E.2d 561. We disagree. Notwithstanding the inclusion of alternative language observing the absence of facts to support a "sudden heat" instruction, this Court in *Ward* found the claim of instruction error waived.

We further note that our recent decision in *Reinbold v. State* (1990), Ind., 555 N.E.2d 463, does not support the defendant's claim. The claim in Reinbold was that the instruction on voluntary manslaughter was foreclosed by the narrow manner in which the murder charge was drafted. The issue was not whether an instruction is appropriate in the absence of evidence of sudden heat.

We therefore find no error in the trial court's decision to instruct the jury on voluntary manslaughter.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.