**Camelia C. LUNA, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 02S00–0012–CR–769.

Supreme Court of Indiana.

Nov. 16, 2001.

Donald C. Swanson, Jr., Deputy Public Defender, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Yvonne M. Carter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Camelia Luna was convicted of felony murder after she and two other women beat and stabbed a man to death and stole his property. We find the evidence presented at trial sufficient to affirm the conviction.

### Background

The facts most favorable to the verdict show that on December 21, 1998, Defendant drove Lyane Casiano and Sovayda Vasquez[1] to a friend's house where they drank alcohol and used crack cocaine. Defendant then drove them to James Johnson's house in Fort Wayne. However, the three women left after observing that Johnson's girlfriend was visiting him. They returned later, when she was no longer there.

Defendant, Vasquez, and Casiano played cards with Johnson and gave him alcohol to get him drunk. At some point in the evening, Casiano went in the bedroom with Johnson. While Casiano and Johnson were out of the room, Defendant asked Vasquez to take Johnson's VCR. When Casiano returned, all three women discussed robbing Johnson to get money for crack cocaine. Defendant instructed Casiano to lie on the couch with Johnson to distract him and gave Vasquez a frying pan with which to hit Johnson from behind. When Casiano was on the couch with Johnson, she signaled Vasquez to

---

1. Vasquez was tried separately. We also decide her appeal today. *See Vasquez v. State,* 02S00–0011–CR–711, —— N.E.2d —— (Ind. November 16, 2001). The fact that they were tried separately accounts for the minor differences in the recitation of the facts in the two opinions.

come over and hit him with the pan. As Vasquez hit Johnson, Defendant and Casiano helped hold him down, and at some point during the beating, Defendant took the pan and struck him with it. Defendant also used knives to stab Johnson.

Next, Defendant looked through Johnson's bedroom drawers and removed electronic equipment and other items from his house, loading them into the truck that she had parked near Johnson's door for easy access. Defendant then drove Vasquez and Casiano to an apartment complex to dispose of the items they had touched. Afterward, Defendant took them to Chavis Taylor's house and helped carry the electronic equipment into his home. At this time, Taylor noticed that Defendant and the two other women were covered with blood.

Later that evening, Defendant, Vasquez, and Casiano again went to a friend's house for a few hours where they drank alcohol and smoked more crack cocaine. Then, after dropping Casiano off at her house, Defendant and Vasquez picked up their children and found their way to a motel. When Taylor met them the next day, Defendant confessed to him that they had killed someone.

Defendant was convicted of Felony Murder [2] and Robbery, a Class A felony.[3] The trial court merged the Robbery conviction into the Felony Murder conviction. Defendant received a 65–year sentence.

Additional facts will be discussed as necessary.

## Discussion

### I

■ Defendant contends that there was insufficient evidence to support her conviction of felony murder.

In reviewing a sufficiency of the evidence claim, the Court neither reweighs the evidence nor assesses the credibility of the witnesses. We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. We will affirm the conviction if there is probative evidence from which a reasonable jury could have found Defendant guilty beyond a reasonable doubt.

*Vitek v. State*, 750 N.E.2d 346, 352 (Ind. 2001) (citations omitted).

Defendant was charged and convicted of felony murder. *See* Ind.Code § 35–42–1–1(2) ("A person who kills another human being while committing or attempting to commit .... robbery .... commits murder, a felony."). A felony murder conviction requires proof of intent to commit the underlying felony (in this case, robbery) but not of intent to kill. *See Vance v. State*, 620 N.E.2d 687, 690 (Ind.1993). Furthermore, a person is subject to conviction for felony murder based on accomplice liability for the underlying offense. *See* Ind.Code § 35–41–2–4 ("A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense.....").

According to the evidence presented at trial, Defendant directed the events at Johnson's house, holding him down as Vasquez hit him with a frying pan, striking and stabbing him herself, and—relevant to her claim here—robbing Johnson's house. She rummaged through the home, searched his bedroom drawers, and removed electronic equipment and other items, including Johnson's wallet, and placed it all in a truck she had left by the back door. She also assisted with the disposal of the items and later confessed to Taylor that she had been party to Johnson's death.

Defendant's claim relies on the supposition that "[t]here was no credible testimo-

---

**2.** *See* Ind.Code § 35–42–1–1(2) (1998).

**3.** *See* Ind.Code § 35–42–5–1 (1998).

ny that [Defendant] had any belief beforehand that Vasquez was going to rob or kill Johnson." (Appellant's Br. 11) A jury could reasonably infer from the above evidence that beyond a reasonable doubt Defendant had the requisite intent to commit robbery. The jury could further reasonably determine that beyond a reasonable doubt Defendant participated, either directly or as an accomplice, in the robbery and murder. The evidence is sufficient to sustain the judgment of the trial court.

## II

### A

■ Defendant argues that her convictions should be reversed because the trial court's final instruction number seven was an incorrect and incomplete statement of the law. Final instruction seven was the same as the State's proposed instruction number nine. It read: "You are instructed that when two or more persons combine to commit a crime, each is criminally responsible for the acts of his confederate(s) committed in furtherance of the common design, the act of one being the act of all." (R. 72, 128.) Defendant asserts that a complete statement of the law would have included the fact that a "person is responsible for the actions of a confederate only if they are the probable and natural consequences of the concerted action of the parties." (Appellant's Br. 6.)

At trial, Defendant objected to the State's proposed jury instruction number nine, as being already covered by the court's proposed instructions but did not object to the instruction as being an incorrect or incomplete statement of the law. Rather, Defendant told the trial court that she thought the relevant instruction was an "accurate statement[ ] of the law." (R. 606.) The trial court then decided to give State's proposed instruction number nine, over Defendant's objection.

■ "In order for this Court to consider this issue on appeal, the defendant must have properly objected to the jury instruction." .... *Mitchem v. State,* 685 N.E.2d 671, 674 (Ind.1997) (citing Ind. Trial Rule 51(C)). If Defendant failed to make "a timely trial objection clearly identifying both the claimed objectionable matter and the grounds for the objection," the claim of error is waived. *Scisney v. State,* 701 N.E.2d 847, 849 (Ind.1998).

In the present case, Defendant made a timely trial objection and identified the claimed objectionable matter but the objection did not clearly identify the grounds for the objection made on appeal—that the instruction was an incorrect and incomplete statement of the law. In fact, Defendant agreed that the instruction was an accurate statement of the law. As a result, the trial court's attention was drawn from the potential error in the instruction. We have stated that counsel's providing "specific grounds in support of an objection to an incorrect jury instruction upon a relevant issue .... will usually be necessary to inform the trial and appellate courts. [And] is particularly appropriate when a trial objection focuses upon the language of a proposed instruction (e.g., when the objection alleges that an instruction is confusing, misleading, or incomplete)." *Id.* at 848–49. In this matter, Defendant failed to state the ground for her objection that she now asserts and, as a result, waived her ability to raise it on appeal.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.