ATTORNEY FOR APPELLANT
Marce Gonzalez, Jr.
Merrillville, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

_____

### In the
# Indiana Supreme Court



_____

No. 45S03-0611-CR-452

ANDREW LEE WATTS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Lake Superior Court, No. 45G01-0308-MR-00008
The Honorable Salvador Vasquez, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 45A03-0506-CR-249

_____

**May 13, 2008**

**Sullivan, Justice.**


Having charged Andrew Watts with murder in a tavern shooting, the State sought at trial to have the jury also instructed on the lesser-included offense of voluntary manslaughter. It was reversible error for the trial court to give the instruction over defense counsel's objection because there was no evidence of sudden heat.

## Background

Andrew Lee Watts visited the Face to Face Lounge in Gary, Indiana, on August 23, 2003. While there, he and two companions were approached by Roy C. Atkins, Jr., who "[got] in their face" and "talk[ed] like he was mad at them or something . . . trying to get a reaction." (Tr. at 437.) Atkins addressed Watts and his companions individually, and also addressed in the same manner a plain-clothes police officer who happened to be nearby. As Atkins walked away, four to five shots were fired. Atkins died the next day of three gunshot wounds to the back. Roshonda Crump, who was also present at the lounge, was shot in the knee. The plain-clothes police officer, Crump, and another person identified Watts as the shooter.

Watts was charged with the murder of Atkins, battery of Crump, and criminal recklessness. At trial, Watts requested jury instructions on involuntary manslaughter and criminal recklessness as lesser-included offenses. The State requested an instruction on voluntary manslaughter, to which Watts's counsel objected. The trial court provided the jury with instructions on all three offenses. Watts was convicted of voluntary manslaughter and criminal recklessness and sentenced to consecutive 47 and six-year prison terms.

Watts raised two issues before the Court of Appeals: first, that the trial court had erred when it gave the jury a voluntary manslaughter instruction; and second, that the trial court had erred in imposing aggravated and consecutive sentences. The Court of Appeals affirmed. Watts v. State, No. 45A03-0506-CR-249, slip op. (Ind. Ct. App. September 7, 2006). Watts petitioned for, and we granted, transfer. Watts v. State, 860 N.E.2d 597 (Ind. 2006) (table). On transfer, Watts raises only the issue of whether the trial court erred when it provided the jury with a voluntary manslaughter instruction.

## Discussion

Indiana's voluntary manslaughter statute codifies the crime:

(a) A person who knowingly or intentionally:
    (1) kills another human being
. . .

while acting under sudden heat commits voluntary manslaughter, a Class B felony.  However, the offense is a Class A felony if it is committed by means of a deadly weapon.

(b) The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder under section 1(1) of this chapter to voluntary manslaughter.

Ind. Code § 35-42-1-3 (2004).

The statute specifies that sudden heat is a mitigating factor to murder, not an element of voluntary manslaughter.  With this in mind, we have previously held that voluntary manslaughter is a lesser-included offense to murder.  In Wright v. State, we explained instruction on lesser-included offenses.  658 N.E.2d 563 (Ind. 1995).     When a party asks a trial court to instruct the jury on an alleged lesser-included offense of the crime charged, the court must conduct a three-part analysis to determine whether the instruction is appropriate.  In the first step, the court must compare the statute defining the crime charged and the statute defining the alleged lesser-included offense.  If the alleged lesser-included offense may be established by proof of all of the same or proof of less than all of the same material elements to the crime, or if the only difference between the two statutes is that the alleged lesser-included offense requires proof of a lesser culpability, then the alleged lesser-included offense is inherently included in the crime charged.  Id. at 566.

In the second step, if the trial court determines that the alleged lesser-included offense is not inherently included in the charged crime, it must compare the statute defining the alleged lesser-included offense with the charging instrument in the case.  If all of the elements of the alleged lesser-included offense are covered by the allegations in the charging instrument, then the alleged lesser-included offense is factually included in the charged crime.  Id. at 567.

If the trial court has determined that the alleged lesser-included offense is either inherently or factually included in the charged crime, then it must proceed to the third step.  In the third step, the trial court must examine the evidence presented by each party and determine whether there is a serious evidentiary dispute over the element or elements that distinguish the crime charged and the lesser-included offense.  If it would be possible for a jury to find that the lesser, but not the greater, offense had been committed, then the trial court must instruct the jury on both offenses.  Id.

3

In Wright, we held that it would be reversible error for a trial court to refuse to instruct a jury on a lesser-included offense in the presence of a serious evidentiary dispute. Id. We did not hold the converse; that is, we did not explicitly hold that it would also be reversible error to give an instruction on a lesser-included offense in the absence of a serious evidentiary dispute. We declined to answer this question when it came up in Wilkins v. State, 716 N.E.2d 955 (Ind. 1999), because it was unnecessary to do so to resolve that case. Unlike Wilkins, however, this case requires the answer.

The Court of Appeals concluded that the trial court here had not committed reversible error when it gave the jury an instruction for voluntary manslaughter in the absence of evidence of sudden heat. Watts, slip op. at 7. That panel relied on "a series of pre-Wright cases which hold that if the evidence supports a conviction for murder, the jury has a right to find the defendant guilty of voluntary manslaughter, even in the absence of sudden heat." Id. at 6.

Though we have held that voluntary manslaughter is a lesser-included offense of murder, voluntary manslaughter under the Indiana statute is not a typical example of a lesser-included offense. If a conviction for a crime requires proof of a list of elements, conviction for a lesser-included offense of that crime usually requires proof of some, but not all, of the elements of the first crime. Under the traditional formulation of the test for a lesser-included offense, such a defendant charged with a crime and with a lesser-included offense of that crime who is convicted of the first crime would also by definition have to have committed the lesser-included offense. Bedgood v. State, 477 N.E.2d 869, 872 (Ind. 1985).

In the case of voluntary manslaughter, however, sudden heat is a mitigating factor, not an element, that the State must prove in addition to the elements of murder. Though counterintuitive, it is logical: if a mitigating factor is present, the offense is certainly lesser than, if not included in, the greater offense.[1] Most importantly, it has long been held in Indiana that a conviction for voluntary manslaughter is an acquittal of the greater offense of murder. Clem v. State, 42 Ind. 420, 426 (1873).

---

[1] Some jurisdictions make this technical distinction. See, e.g., State v. Piansiaksone, 954 P.2d 861, 869 (Utah 1998).

Thus, even though under Indiana law voluntary manslaughter is a lesser-included offense of murder, a conviction for murder does not mean that a defendant could also have been convicted of voluntary manslaughter. Sudden heat must be separately proved. Therefore, if there is no serious evidentiary dispute over sudden heat, it is error for a trial court to instruct a jury on voluntary manslaughter in addition to murder.

To the extent that the cases cited by the Court of Appeals from our Court are inconsistent with this conclusion, we now overrule them, and hold that it is indeed reversible error for a trial court to instruct a jury on voluntary manslaughter in the absence of evidence of sudden heat. See Griffin v. State, 644 N.E.2d 561 (Ind. 1994); Gilley v. State, 560 N.E.2d 522 (Ind. 1990); O'Conner v. State, 272 Ind. 460, 399 N.E.2d 364 (1980); McDonald v. State, 264 Ind. 477, 346 N.E.2d 569 (1976). To the extent that the cases cited by the Court of Appeals from their own court are inconsistent with this conclusion, we disapprove them. See Landers v. State, 165 Ind. App. 221, 331 N.E.2d 770 (1975); Hopkins v. State, 163 Ind. App. 276, 323 N.E.2d 232 (1975).

Though we held that the error was harmless in Wilkins, this case is different. Indeed, this case illustrates how a voluntary manslaughter instruction in the absence of evidence of sudden heat can prejudice a defendant. One legitimate trial strategy for the defendant in a murder trial is an "all-or-nothing" one in which the defendant seeks acquittal while realizing that the jury might instead convict of murder. In a situation where a jury must choose between a murder conviction and an acquittal, the defendant might well be acquitted. But if the jury has voluntary manslaughter as an intermediate option, the defendant might be convicted of voluntary manslaughter as a "compromise." Such a verdict is not appropriate if unsupported by any evidence of sudden heat; moreover, an unsupported voluntary manslaughter instruction deprives the defendant of the opportunity to pursue a legitimate trial strategy.

In this case, the State requested an instruction on voluntary manslaughter. We have explained that voluntary manslaughter is a lesser-included offense to murder; therefore, the remaining question in determining whether an instruction on voluntary manslaughter was appropriate is whether there was a serious evidentiary dispute between the parties over the element that distinguishes voluntary manslaughter from murder — sudden heat. See Wilkins, 716 N.E.2d at 957.

5

Watts's counsel objected to the instruction on grounds that "sudden heat has to be interjected by the defendant and I don't think that's happened." (Tr. at 972.) Earlier, defense counsel had told the trial court: "[giving the instruction] would require that there be evidence of sudden heat. I think that the sudden heat would have to be in a sense introduced by the defendant." (Tr. at 970.)

Besides the isolated moment when Atkins "got in the face" of Watts, we agree with the Court of Appeals that there was no possible evidence of sudden heat before the jury. Watts, slip op. at 6. As the Court of Appeals correctly noted, insults or taunts alone are not sufficiently provocative to merit a conviction for voluntary manslaughter instead of murder. Id. (citing Jackson v. State, 709 N.E.2d 326, 329 (Ind. 1999)). Therefore, there was no serious evidentiary dispute before the jury, and defense counsel's objection to the voluntary manslaughter instruction should have been sustained.

It is true that Watts's counsel did not speak the exact words ideally required in these circumstances. We would prefer for defense counsel to have said, "Your honor, I object on grounds that there is no evidence of sudden heat in the record that would support giving an instruction on voluntary manslaughter." Here, defense counsel told the trial court that if evidence of sudden heat had not been introduced by the defendant (and it had not), then sudden heat would not be in the record. While defense counsel was incorrect that only the defense may introduce evidence of sudden heat[2] — even though sudden heat is a mitigating factor — defense counsel was correct that evidence of sudden heat had not been introduced on the record. Indeed, that evidence of sudden heat had not been introduced during trial appears to have been defense counsel's primary point. Under these circumstances, we accord Watts and his counsel the benefit of the objection. Watts adequately preserved this issue for appeal, and because we find that it was error to instruct the jury on voluntary manslaughter, we therefore reverse his conviction.

---

[2] In Jackson v. State, we held "Although the State has the burden of negating the existence of sudden heat beyond a reasonable doubt, in order to inject that issue at all the defendant must point to some evidence supporting sudden heat whether this evidence be in the State's case or the defendant's own." 709 N.E.2d at 328 (citations omitted). While it is typically the defendant who would highlight evidence of sudden heat as a mitigating factor, the trial court in this case correctly noted that such evidence might be found in either party's presentation.

## Conclusion

The trial court erred when it instructed the jury on voluntary manslaughter in the absence of evidence of sudden heat in the record. Therefore, Watts's conviction for voluntary manslaughter is reversed.

Dickson and Rucker, JJ., concur. Shepard, C.J., dissents without opinion. Boehm, J., dissents with opinion.

**Boehm, Justice, dissenting.**

Ordinarily a lesser included offense is thought to be one that lacks one or more elements of the greater offense. See, e.g., 23A C.J.S. Criminal Law § 1824 (2006). Under longstanding common law precedent, and by statute since 1977, sudden heat, required to reduce murder to voluntary manslaughter, is not an element, but rather a mitigating circumstance. See Hardin v. State, 404 N.E.2d 1354, 1357 (Ind. 1980); Ind. Code § 35-42-1-3(b) (2004). We have long held that voluntary manslaughter is a lesser included offense of murder, even though it is lesser but not included as the term is usually used. See, e.g., C.J.S. Criminal Law § 1824 (under a lesser included offense, it is "impossible to commit the greater offense without committing the lesser"). Based on this Indiana precedent, if not strict logic, I agree with the majority that voluntary manslaughter should be treated as a lesser included offense of murder for purposes of the rules set out in Wright v. State for instructing on lesser included offenses. I also agree that there is no evidence of sudden heat in this case, and therefore it was error to instruct on voluntary manslaughter. And the error cannot be harmless because it is wholly speculative whether, as the State claims, Watts got a windfall by being convicted of voluntary manslaughter rather than murder, or whether the jury would have hung or acquitted if faced with the choice of acquittal or conviction of murder. See Price v. Georgia, 398 U.S. 323, 331 (1970).

I respectfully dissent, however, because I do not believe Watts preserved this error. It seems to me that the trial court correctly understood the defense's objection to the proposed instruction to be that the defense must put sudden heat in issue and had not done so. I see no reason why the prosecution could not charge a defendant with voluntary manslaughter and seek to convict on that ground. Because there is no merit to the defense's objection, the trial court properly overruled it.

The majority views this objection as having preserved the objection that there is no evidence of sudden heat, and reverses the conviction of voluntary manslaughter on that ground. The purpose of the requirement that a specific objection be raised at trial before it can be asserted on appeal is to give the trial court the opportunity to correct an error without the need for an appeal and retrial. The objection here did not accomplish that objective because it did not focus the trial court on the problem in the instruction—the lack of evidence of sudden heat. See Luna v.

State, 758 N.E.2d 515, 518 (Ind. 2001) (holding that an objection to a jury instruction on the ground that it was covered by court's proposed instruction precluded appeal of the instruction on the ground that it was an incorrect or incomplete statement of law because a claim of error is waived when a defendant fails to make "a timely trial objection clearly identifying both the claimed objectionable matter and the grounds for the objection" (quoting Scisney v. State, 701 N.E.2d 847, 849 (Ind. 1998))). Thus, I believe that Watts did not properly preserve this issue for appeal.

We on occasion exercise discretion to address an issue despite a party's failure to raise it in the trial court. At present, Watts, who three witnesses say killed one person and wounded another, stands convicted only of criminal recklessness, with a six-year sentence that has already been served if good time credit has been earned, and in any event will expire in one year. It is at least significantly likely that this will be the end of the matter. A conviction for voluntary manslaughter under a statute such as Indiana's is an acquittal of murder. As a result, the double jeopardy provision in the Federal Constitution prevents retrying Watts for murder. Price, 398 U.S. at 328-29 (citing Green v. United States, 355 U.S. 184 (1957)). Watts can be retried for voluntary manslaughter, but to obtain a conviction the state will have to prove sudden heat which, at least on this record, it cannot do. Any error in these instructions is equally attributable to Watts, and I would not exercise discretion to permit him to raise the issue on appeal where he has not presented it in the trial court.