**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LARRY BURNS,                              )
                                          )
    Appellant-Defendant,             )
                                          )
      vs.                          )    No.  45A04-1111-CR-624
                                          )
STATE OF INDIANA,                         )
                                          )
    Appellee-Plaintiff.              )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No.  45G01-8605-CR-93

**August 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Larry Burns ("Burns") appeals his conviction for Murder, a felony.[1] He presents the sole issue of whether the trial court abused its discretion by refusing to instruct the jury on voluntary manslaughter. We affirm.

## Facts and Procedural History

In March of 1986, Vickie Burns ("Vickie") left her husband and went to live with her mother, Linda Oliver ("Oliver") in Gary, Indiana. On May 23, 1986, Oliver was lying in bed when she heard Vickie cry out, "Mama, here comes Larry with some guns." (Tr. 52.) Oliver jumped up and retrieved her gun. Meanwhile, Burns gained entry to the residence by shooting apart the door lock.

As she entered her kitchen, Oliver saw Burns. They exchanged gunfire but Burns' shotgun jammed. He then "propped up" the shotgun at the kitchen table to deal with the problem and Oliver fled to get help. (Tr. 57.) When Oliver and her neighbors returned, they found Vickie dead, having sustained multiple injuries including a shotgun blast to her head.

Burns convinced a friend to take him to a bus station. He remained a fugitive until he was apprehended in Long Beach, California in 2010, claiming to be Daniel Oaks. After Burns' identity was verified, he was returned to Indiana to face charges of murder and attempted murder. On September 30, 2011, a jury convicted Burns as charged. He was given consecutive sentences of forty years and thirty years, respectively. He now appeals.

## Discussion and Decision

---

[1] Ind. Code § 35-42-1-1. He does not challenge his conviction for Attempted Murder.

Upon review of the trial court's packet of standard instructions, Burns' counsel requested that the voluntary manslaughter instruction be given:

> [T]he State has filed the divorce petition, given their opening statement. I imagine they're gonna be saying that the motive for the killing was the divorce petition filed the day before. I think that allows me to request a voluntary manslaughter instruction because of the divorce petition being a sudden heat type of thing.

(Tr. 730-31.) In refusing to so instruct the jury, the trial court observed that there was an absence of evidence that Burns had been served with the divorce petition and concluded, "there really is nothing here that would suggest that there is a serious evidentiary dispute." (Tr. 737-38.) Burns now argues that the jury, if properly instructed, could have found that he committed voluntary manslaughter as opposed to murder. Accordingly, he claims that the trial court abused its discretion by refusing to instruct the jury on voluntary manslaughter.

Voluntary manslaughter is a lesser-included offense of murder, distinguishable from murder by the presence of the mitigating factor of sudden heat. Ind. Code § 35-42-1-3; Watts v. State, 885 N.E.2d 1228, 1232 (Ind. 2008). Sudden heat must be separately proved and, therefore, if there is no serious evidentiary dispute over sudden heat, it is error for a trial court to instruct a jury on voluntary manslaughter in addition to murder. Id. A serious evidentiary dispute exists where the jury can conclude that the lesser offense was committed and the greater offense was not. Chanley v. State, 583 N.E.2d 126, 130 (Ind. 1991).

"Sudden heat" is characterized as "anger, rage, resentment, or terror sufficient to obscure the reason of an ordinary person, preventing deliberation and premeditation, excluding malice, and rendering a person incapable of cool reflection." Dearman v. State,

3

743 N.E.2d 757, 760 (Ind. 2001). Anger alone is not sufficient to support an instruction on sudden heat. Wilson v. State, 697 N.E.2d 466, 475 (Ind. 1998). The provocation must be "sufficient to obscure the reason of an ordinary man," an objective as opposed to subjective standard. See Stevens v. State, 691 N.E.2d 412, 426 (Ind. 1997) (refusing to find that a threat to disclose molestation would "understandably" provoke "an ordinary twenty-year-old man" to rage or terror). Also, voluntary manslaughter involves an "impetus to kill" which arises and "suddenly overwhelms" the actor. Id. at 427.

Here, the evidence does not suggest that Burns was rendered incapable of cool reflection. Burns armed himself with multiple weapons and went to his mother-in-law's residence. He shot his way into the home and exchanged gunfire with Oliver until his shotgun jammed. He then paused to deal with the problem while Oliver escaped. This gave Burns "ample time … to collect his wits and realize the heinousness and depravity of his actions." Id.

Nonetheless, Burns continued upstairs and fired multiple shots into his wife's body. According to expert witness Henry Hatch, at least three different weapons caused Vickie's wounds. Instead of seeking help or attempting to aid his wife, Burns fled the state and lived as a fugitive for two decades.

Moreover, even if we assume that Burns had learned that Vickie had filed for divorce one day before the shooting, this is not provocation sufficient to obscure the reason of an ordinary person. See e.g., Turben v. State, 726 N.E.2d 1245, 1248 (Ind. 2000) (victim's statement that she was obtaining a divorce from the defendant did not warrant a voluntary

4

manslaughter instruction); <u>Ford v. State</u>, 704 N.E.2d 457, 460 (Ind. 1998) (observing that there was substantial evidence that a husband was not acting in sudden heat when, three days after discovering his wife's affair, he took a pistol and shot her twice at close range).

## Conclusion

The trial court did not abuse its discretion by finding no serious evidentiary dispute; the voluntary manslaughter instruction was properly refused.

Affirmed.

RILEY, J., and CRONE, J., concur.