**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**VICTOR GLENN**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VICTOR GLENN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1309-PC-774 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven J. Rubick, Judge
Cause No. 49G01-0702-PC-32069

**July 9, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-petitioner Victor Glenn appeals the denial of his petition for post-conviction relief. Glenn argues that his trial counsel was ineffective for failing to request lesser included offense instructions, for failing to provide the doctors who evaluated Glenn's mental health with records from Glenn's time in Wishard Mental Hospital, and for failing to argue certain mitigating factors. Additionally, Glenn argues that he received ineffective assistance of appellate counsel. He maintains that appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel on appeal and for failing to seek transfer to our Supreme Court. We conclude that Glenn was not denied effective assistance of trial or appellate counsel and affirm the denial of his petition for post-conviction relief.

FACTS

The State charged Glenn with two counts of felony murder, two counts of murder, robbery, intimidation as a class C felony, and intimidation as a class D felony. Glenn's three-day jury trial began on June 16, 2008, and the jury found him guilty but mentally ill as to all charges. On July 3, 2008, the trial court held a sentencing hearing. It merged the felony murder convictions with the murder convictions and sentenced Glenn to an aggregate sentence of 120 years executed in the Department of Correction. Glenn appealed to this court, arguing that he should have been found not guilty by reason of insanity, that the trial court abused its discretion by denying his request for a mistrial, and that his sentence was inappropriate in light of the nature of his offenses and his character.

2

On April 9, 2009, in an unpublished decision, we affirmed Glenn's convictions and sentence. Glenn v. State, No. 49A02–0808–CR–678, memo op. (Ind. Ct. App. April 9, 2009). On March 22, 2010, Glenn filed a pro se petition for post-conviction relief.

In his petition for post-conviction relief, Glenn raised five issues: 1) whether his trial counsel was ineffective in failing to request jury instructions on the lesser included offenses of voluntary manslaughter and reckless homicide; 2) whether his trial counsel was ineffective for failing to request a mistrial; 3) whether his trial counsel was ineffective for failing to object when the trial court sentenced him without having a jury find the existence of aggravating factors beyond a reasonable doubt; 4) whether his appellate counsel was ineffective for failing to properly attack the trial court's balancing of mitigating and aggravating factors at sentencing; and 5) whether his appellate counsel was ineffective for failing to file a petition to transfer to our Supreme Court.

On March 13, 2012, the post-conviction relief court held an evidentiary hearing. At the hearing, trial counsel testified that he thought he did not request a jury instruction on the lesser included offense of voluntary manslaughter because "it becomes tricky and delicate to try and argue alternative theories of defense to a jury and . . . you get concerned that if you're arguing one defense it's gonna [sic] under[mine] another defense . . I just thought it -- it was gonna [sic] undermine your opportunity for an acquittal based on an insanity defense . . . ." PCR Tr. p. 59. Trial counsel also testified that he did not request an instruction regarding the lesser included offense because he did not feel the evidence supported it.

3

On August 23, 2013, the post-conviction court filed its findings of fact and conclusions of law denying Glenn's petition for post-conviction relief.

Glenn now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

A post-conviction relief proceeding does not afford a petitioner a super-appeal. Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we cannot affirm the judgment on any legal basis, but rather, must determine if the court's findings are sufficient to support its judgment. Graham v. State, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011). We will not reweigh the evidence or judge the credibility of witnesses, and will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. Id.

4

## II. Glenn's Claims

### A. Ineffective Assistance of Counsel – Trial Counsel

Glenn claims that his trial counsel failed to provide effective assistance of counsel.

Our Supreme Court has instructed:

> A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

> Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. The Strickland Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. The two prongs of the Strickland test are separate and independent inquiries. Thus, [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.

Timberlake v. State, 753 N.E.2d at 603.

Glenn raises three separate claims of ineffective assistance of trial counsel, each of which we will address in turn.

5

First, Glenn argues that his trial counsel was ineffective for failing to request a lesser included offense instruction on voluntary manslaughter.

While our Supreme Court has previously held that voluntary manslaughter is a lesser included offense to murder, it has also determined that "a tactical decision not to tender a lesser included offense does not constitute ineffective assistance of counsel, even where the lesser included offense is inherently included in the greater offense." Autrey v. State, 700 N.E.2d 1140, 1141 (Ind.1998). We will not second-guess counsel's strategy "through the distortions of hindsight." Id.

Here, Glenn's trial counsel testified that he felt that "it becomes tricky and delicate to try and argue alternative theories of defense to a jury and . . . you get concerned that if you're arguing one defense it's gonna [sic] under[mine] another defense . . I just thought it -- it was gonna [sic] undermine your opportunity for an acquittal based on an insanity defense . . . ." PCR Tr. p. 59. Glenn's trial counsel made a strategic decision not to request the lesser included instruction on voluntary manslaughter because he believed that it would undermine Glenn's insanity defense.

In Autrey v. State, our Supreme Court held that, when trial counsel did not request a lesser included instruction on voluntary manslaughter due to an intentional and tactical decision to pursue a self-defense strategy, the strategic decision did not constitute ineffective assistance of counsel. 700 N.E.2d at 1140. Glenn's trial counsel made precisely such a strategic decision.

6

Moreover, all the evidence at the post-conviction relief hearing and the trial went to show that a lesser included instruction on voluntary manslaughter would have been inappropriate here, as there was no evidence of sudden heat. If there is no serious evidentiary dispute over sudden heat, it is error for a trial court to instruct a jury on voluntary manslaughter in addition to murder. Watts v. State, 885 N.E.2d 1228, 1232 (Ind. 2008). Trial counsel testified that "if the evidence is overwhelming, it's not appropriate to give that lesser included instruction . . . I kind of viewed the evidence as being overwhelming in terms of the killing. . . ." PCR Tr. p. 58. Under these circumstances, we cannot say that trial counsel was ineffective.

Glenn also contends that trial counsel was ineffective for failing to provide the doctors who evaluated Glenn's mental health with records from Glenn's time in Wishard Mental Hospital.

At the outset, we note that it does not appear that Glenn raised this issue in his post-conviction relief petition, and, therefore, he has waived consideration of this issue. Issues not raised in the post-conviction relief petition may not be raised for the first time on post-conviction appeal. Allen v. State, 749 N.E.2d 1158, 1171 (Ind. 2001).

Waiver notwithstanding, whether or not trial counsel provided Glenn's mental health records to the doctors who evaluated Glenn's mental health at the time of the crime was irrelevant to the outcome of his case.

Glenn argues that trial counsel should have given the doctors his records "so that all three doctors could have given an accurate diagnosis that would change the outcome

7

of the jury's verdict. However, the jury found that Glenn was guilty but mentally ill as to all charges. Indeed, at the post-conviction relief hearing, Glenn tried this issue and suggested to the post-conviction relief court that trial counsel had not given the evaluating doctors his mental records. The court responded that "whether [he] gave the records to the doctors or the doctors got them themselves is irrelevant. The issue was resolved in your favor." PCR Tr. p. 71. As the issue was resolved in Glenn's favor, we cannot say that trial counsel was ineffective if he did fail to deliver the record to the doctors, as Glenn cannot show that such a failure would prejudice his defense under Timberlake. 753 N.E.2d at 603.

Finally, Glenn argues that trial counsel was ineffective for failing to argue certain mitigating factors, such as the facts that Glenn was not on probation or parole and had no prior convictions involving a weapon. Once again, we note that Glenn did not raise this issue in his post-conviction petition and has, therefore, waived it. Allen, 749 N.E.2d at 1171.

Waiver notwithstanding, trial counsel was not ineffective at the sentencing hearing. At Glenn's sentencing hearing, trial counsel presented mitigating factors and asked the trial court to run Glenn's sentences concurrently. Tr. v. 3 p. 29. Trial counsel asked the court to consider both Glenn's mental instability and remorse as mitigating factors. However, the trial court, while it gave considerable weight to Glenn's mental illness, determined that the aggravating factors outweighed the mitigating factors.

8

We believe that the trial court would have given, at most, minimal weight to Glenn's suggested mitigating factors that he was not on probation and did not have a previous conviction involving a weapon. It is unlikely that the trial court would have changed its determination to run Glenn's sentences consecutively based on these mitigating factors. Therefore, he has failed to prove that he was prejudiced by trial counsel's failure to raise those mitigating factors.

### B. Ineffective Assistance of Counsel – Appellate Counsel

Glenn also argues that his appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel on appeal and for failing to seek transfer.

Ineffective assistance of appellate counsel claims generally fall into three categories: 1) denial of access to an appeal; 2) waiver of issues; and 3) failing to prevent issues well. Henley v. State, 881 N.E.2d 639, 644 (Ind. 2008). The standard for evaluating claims of ineffective assistance of counsel at the appellate level is the same two-prong Strickland standard used for trial counsel. 466 U.S. at 668; Allen v. State, 749 N.E.2d 1158, 1166-67 (Ind. 2001). Therefore, Glenn must prove that appellate counsel performed deficiently and that he was prejudiced as a result. Id.

Glenn maintains that his appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to request that the trial court include an instruction regarding the lesser included offense of voluntary manslaughter. However, as we determined above, trial counsel was not ineffective for failing to request an instruction

regarding the lesser included offense. Therefore, we cannot say that appellate counsel performed deficiently or that Glenn was prejudiced by appellate counsel's performance.

Glenn also contends that appellate counsel was ineffective for failing to seek transfer to our Supreme Court. More particularly, Glenn argues that when appellate counsel failed to file for transfer it resulted in a default of a federal habeas corpus claim.

In Clemons v. State, a panel of this court considered Clemons's claim of ineffective assistance of counsel for failure to request transfer. Clemons argued that his appellate counsel's failure to seek transfer had resulted in procedural default of his Fifth Amendment claim for purposes of a Habeas Corpus. Clemons v. State, 967 N.E.2d 514, 521 (Ind. Ct. App. 2012). We held that Clemons was distinguishable from our Supreme Court's determination in Yerden v. State, in which it stated that: "[a] healthy majority of lawyers who lose before the Indiana Court of Appeals, for example, elect not to seek transfer. On the fact of it, without any explanation, a lawyer who does not petition for transfer has simply performed according to the statistical norm." 682 N.E.2d 1283, 1286 (Ind. 1997).

In Clemons, we noted that, due to the exhaustion doctrine codified at 28 U.S.C. § 2254, "a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available." 967 N.E.2d at 521. However, we noted that, in Clemons's case, he could appeal the denial of his post-conviction relief to our Supreme Court and that State remedies were still available to him and his appellate counsel had not been ineffective. Id.

10

Here, Glenn argues that his appellate counsel's failure to request transfer might result in the loss of a habeas corpus claim. However, unlike Clemons, Glenn does not argue that he has a specific issue or claim that has been procedurally defaulted. Therefore, he has failed to show that he was prejudiced as a result of appellate counsel's failure to seek transfer. Thus, Glenn has not shown ineffective assistance by his appellate counsel.

## CONCLUSION

Glenn has not shown that his trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of voluntary manslaughter. Nor has he shown trial counsel to be ineffective for failing to provide the doctors who evaluated Glenn's mental health with records from Glenn's time in Wishard Mental Hospital. Likewise, trial counsel was not ineffective for failing to argue certain mitigating factors. Glenn has also failed to show that appellate counsel was ineffective for failing to argue that trial counsel was ineffective. Finally, Glenn has failed to demonstrate that he was prejudiced when appellate counsel failed to seek transfer.

We affirm the judgment of the post-conviction court.

BARNES, J., and CRONE, J., concur.

11