

**FILED**
Sep 30 2015, 8:27 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Matheny, Hahn, Denman & Nix, L.L.P
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

I N  T H E

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas L. Hale,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 30, 2015<br><br>Court of Appeals Case No.<br>35A02-1501-CR-57<br><br>Appeal from the Huntington<br>Superior Court<br><br>The Honorable Jeffrey<br>Heffelfinger, Judge<br><br>Trial Court Cause No.<br>35D01-1405-132 |

**Bailey, Judge.**

# Case Summary

[1]     Thomas E. Hale ("Hale") was convicted of one count of Dealing in
        Methamphetamine, as a Class A felony, and was sentenced to forty years

imprisonment.[1] He now appeals, raising for our review the sole issue of whether the trial court abused its discretion when it did not, before trial, permit him to depose two of the State's witnesses against him.

[2] We affirm.

# Facts and Procedural History

[3] In February 2014, a number of individuals, including Ricci Davis ("Davis") and Rachelle Lesh ("Lesh"), were living in a residence on Franklin Street in Huntington. By May 2014, Amanda Casto ("Casto") and Mike Fisher ("Fisher"), also resided at or frequented the residence. Davis frequently manufactured methamphetamine in the home, and most of the adults living in or frequenting the home used methamphetamine, often obtained from Davis in exchange for the supplies required for the manufacturing process.

[4] Sometime in late February or early March 2014, Hale made occasional visits to the Franklin Street home. On several occasions, Hale brought packages of pseudoephedrine tablets, which are sometimes used to manufacture methamphetamine. Like others at the residence, Hale would exchange these packages for methamphetamine. On at least one occasion, Hale helped measure out other ingredients to be used for the drug's manufacture. And on

---

[1] Ind. Code § 35-48-4-1.1. Effective July 1, 2014, the Indiana General Assembly enacted revisions to numerous provisions of Indiana's criminal statutes. Hale's offense was committed before July 1, 2014, and we refer throughout to the statutory provisions applicable at that time.

one occasion during this period, Hale started the manufacturing process himself using a small-batch preparation method involving water and other ingredients mixed together in a plastic bottle.

[5] On May 19, 2014, Davis called 911 to report his own methamphetamine overdose; when police inquired as to how many individuals were in the home, Davis ended the phone call. Police determined that there were two outstanding warrants for his arrest. As a result of this investigation and other calls made to the police department that day concerning the Franklin Street residence, police conducted surveillance on the home that evening.

[6] After conducting surveillance, police approached the residence to investigate. Hale was among those at the residence, and he and the other occupants of the home eventually agreed to cooperate with police. Police conducted a search of the residence and discovered an active methamphetamine manufacturing laboratory. Hale and the others were arrested at that time.

[7] On May 20, 2014, the State charged Hale with Dealing in Methamphetamine. On August 25, 2014, after Hale learned that Fisher and Casto had entered into plea agreements with the State, Hale filed a motion seeking to depose the two at public expense. The trial court denied the motion.

[8] After several continuances, a jury trial was conducted on November 19 and 20, 2014. Fisher and Casto both testified at trial, and Hale cross-examined them. Lesh, who was not charged in this matter, also testified at trial. At trial, Hale

did not object to the introduction of testimony from Fisher or Casto, and did not seek a continuance.

[9] At the conclusion of the trial, the jury found Hale guilty as charged. On January 12, 2015, the trial court entered judgment of conviction against Hale and sentenced him to forty years imprisonment.

[10] This appeal ensued.

# Discussion and Decision

[11] Hale requests that we reverse the judgment of the trial court and order a new trial because the trial court denied his motion seeking payment of deposition costs to depose Casto and Fisher. Discovery matters are left to the sound discretion of the trial court, and we will reverse only where the court abused that discretion. *Crawford v. State*, 948 N.E.2d 1165, 1169 (Ind. 2011).

[12] In a criminal case, "[t]he state and the defendant may take and use depositions of witnesses in accordance with the Indiana Rules of Trial Procedure." I.C. § 35-37-4-3. When a party seeks pretrial discovery of non-privileged information in a criminal matter, a three-step test applies:

> (1) there must be sufficient designation of the items sought to be discovered (particularity); (2) the requested items must be material to the defense (relevance or materiality); and (3) if the first two requirements are met, the trial court must grant the request unless there is a showing of "paramount interest" in nondisclosure.

*In re Crisis Connection, Inc.*, 949 N.E.2d 789, 794 (Ind. 2011). Hale argues that both (1) and (2) are satisfied, and that the State did not meet (3), and thus the trial court was required to grant his request to conduct the depositions.

[13] Here, Hale sought payment of costs associated with deposing two co-defendants, Fisher and Casto, who had agreed with the State to enter guilty pleas in exchange for their testimony against Hale at trial. In his brief, Hale states that "the opportunity to depose the co-defendants to determine the substance of their testimony prior to trial" would have aided his defense. Appellant's Br. at 8. Specifically, Hale complains that he was unable to uncover these individuals' possible biases or to probe inconsistencies in their testimony. Thus, Hale's request was sufficiently specific and his request was material to his defense: he requested payment of expenses associated with the deposition of two co-defendants who had entered into plea agreements in exchange for their testimony in Hale's case. Further, at no point did the State oppose taking these depositions; indeed, Hale's motion seeking payment of costs represented to the trial court that the State had already agreed to a specific date for the depositions of Fisher and Casto.

[14] Where, as here, depositions are at issue, the Indiana Supreme Court has held:

> It is of no significance that there was eyewitness testimony. Nor does it matter that the defendant's task of rebutting the State's evidence seems insurmountable. We simply cannot say that the inability to depose the seven witnesses was harmless. The fact that there may have been other evidence sufficient to sustain the conviction in no way meets this problem. We cannot presume,

> as a matter of law, that no exculpatory or mitigating evidence would have surfaced from the depositions sought. Even if it were determined retrospectively that nothing in aid of his defense was discoverable, we could not discount the effect of a denial. Effective counseling is dependent upon knowledge of the facts, and it is essential that weaknesses as well as strengths be discovered and intelligently addressed.

*Murphy v. State*, 265 Ind. 116, 120-21, 352 N.E.2d 479, 482-83 (1976). The *Murphy* Court found an abuse of discretion, without application of harmless error analysis, for failure of the trial court to grant a motion for payment of deposition costs like the motion at issue here.

[15] We think that subsequent guidance tempers the holding in *Murphy*. For example, in *O'Conner v. State*, 272 Ind. 460, 399 N.E.2d 364 (1980), *overruled on other grounds by Watts v. State*, 885 N.E.2d 1228 (Ind. 2008), O'Conner appealed and challenged, in part, the trial court's denial of his oral motion to depose two witnesses identified by the State shortly before trial, and in apparent violation of discovery orders. *Id.* at 462-63, 366-67. Expressly rejecting this Court's conclusion that O'Conner's motion to take depositions of these surprise witnesses preserved the matter for appellate review, our supreme court in *O'Conner* found that "the appellant's oral motion to depose" did not "preserve this issue for appellate review." *Id.* at 462, 366. Instead, the *O'Connor* Court concluded that the proper remedy in such situations—surprise witnesses produced in violation of a discovery order—was either "[e]xclusion … when the State's action is so misleading or demonstrates such bad faith that the only

way to avoid a denial of fair trial … is to exclude the evidence," or "[a]bsent such circumstance, a continuance." *Id.*

[16]   The result in *O'Connor* is part of a long line of cases concerning the appealability of pre-trial rulings on discovery, suppression, and *in limine* rulings generally:

> The failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on appeal. A contemporaneous objection affords the trial court the opportunity to make a final ruling on the matter in the context in which the evidence is introduced.

*Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000) (citations omitted); *also Myers v. State*, 887 N.E.2d 170, 184 (Ind. Ct. App. 2008) (holding that failure to renew a challenge to evidence at trial after an unsuccessful motion *in limine* constitutes waiver), *trans. denied.* Often, even a continuance of a day or less is sufficient to permit deposition of a witness for purposes of preparing for trial. *See, e.g., Liddell v. State*, 948 N.E.2d 367, 372-73 (Ind. Ct. App. 2011).

[17]   We think that the logical consequence of the interaction of *Murphy* with the established cases on waiver would, upon objection and request for a continuance at trial, afford a trial court with little or no discretion. This result protects the right of a criminal defendant to obtain discovery in his or her

defense. As with other pre-trial discovery matters, however, failure to timely object and seek a continuance waives appellate review of the pre-trial denial.[2]

[18] Here, Hale did not seek a ruling *in limine* excluding the testimonies of Fisher and Casto after the pre-trial denial of his motion for payment of deposition expenses. The trial date was continued after the court's denial of the motion, but Hale did not renew his efforts to obtain payment of deposition expenses.

[19] At trial, when Fisher and Casto were called as witnesses, Hale did not seek to exclude their testimony, renew a request to depose them, or seek a continuance. He instead proceeded on to generally well-conducted cross-examinations. Thus, we conclude that Hale's contention as to the propriety of the trial court's denial of his motion for payment of deposition costs is waived for appellate review.

[20] We accordingly affirm his conviction.

[21] Affirmed.

Baker, J., concurs

Mathias, J., dissents with separate opinion.

---

[2] Given the consequences outlined by the *Murphy* Court for failure to permit pre-trial depositions in criminal cases, a defendant might also request the trial court's certification of its order for discretionary interlocutory appellate review. *See* Ind. Appellate Rule 14(B).

# IN THE
# COURT OF APPEALS OF INDIANA

Court of Appeals Case No.
35A02-1501-CR-57

Thomas L. Hale,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

## Mathias, Judge, dissenting.

[1] I believe that the trial court's denial of Hale's request to depose Casto and Fisher was improper. I therefore respectfully dissent.

[2] "Our discovery rules are designed to allow liberal discovery with a minimum of court involvement in the discovery process." *Wise v. State*, 26 N.E.3d 137, 145 (Ind. Ct. App. 2015), *trans. denied* (citation omitted). Also, the State acknowledges that discovery requests, such as Hale's request to depose Casto and Fisher, should be granted if the defendant shows: (1) that the information sought is sufficiently designated, (2) that the information is material to the defense, and (3) that the State does not demonstrate a paramount interest in non-disclosure. *Id.*

[3] Here, in his motion for funds to depose the witnesses, Hale specifically designated the information sought—the depositions of Casto and Fisher. Appellant's App. p. 37. The information sought is clearly material to the defense; Casto and Fisher were co-defendants who signed plea agreements with the State indicating that they would testify against Hale. Lastly, nothing in the record suggests at all that the State had any interests in non-disclosure. Thus, I can only conclude that the trial court's decision to deny Hale's motion was an abuse of discretion.[3]

[4] The majority recognizes that, in *Murphy v. State*, our supreme court held that the deprivation of the right to depose witnesses was not subject to a harmless error analysis. 265 Ind. 116, 120-21, 352 N.E.2d 479, 482-83 (1976). However, the majority chooses not to directly address Hale's claims on the merits and concludes that Hale failed to preserve his claim. In support of its decision, the majority claims that our supreme court's subsequent holding in *O'Conner v. State*, 272 Ind. 460, 399 N.E.2d 364 (1980),[4] modified the holding in *Murphy*[5] to require a defendant to object and seek a continuance to preserve the issue for purposes of appeal.

---

[3] The State's argument that Hale's request was untimely because the depositions might have led to further discoverable evidence that might delay the trial is not really substantive, because if its rationale is accepted, it could be used to prevent any meaningful discovery.

[4] *O'Conner* was overruled on other grounds by *Watts v. State*, 885 N.E.2d 1228 (Ind. 2008).

[5] I acknowledge that our supreme court's holding in *Murphy* is almost forty years old. However, it appears that the holding is still good law. In fact, the court cited *Murphy* in 2002, but simply distinguished the case and gave no indication that it was not still valid precedent.

I believe, however, that *O'Conner* is distinguishable. At issue in *O'Conner* was the defendant's request to depose certain witnesses *during* trial because the witnesses had not been disclosed to the defendant prior to trial. 272 Ind. at 462, 399 N.E.2d at 366. The *O'Conner* court noted that the defendant had not requested the proper remedies for claims that the State had violated a discovery order: exclusion of the evidence or a continuance. *Id.*, 399 N.E.2d at 367.

More importantly, in rejecting the claim of error regarding the witness disclosed on the first day of trial, the court noted that O'Conner had "ample opportunity to contact and *depose* [the witness] during those four day [after the witness had been disclosed]." *Id.* (emphasis added). Thus, in *O'Conner*, the court assumed that the defendant had the ability to depose one of the witnesses prior to his testimony.

In the present case, however, Hale did not request to depose the witnesses *during* trial. He requested to depose certain witnesses *prior* to trial, and the trial court denied these requests. As such, I do not believe that *O'Conner* is controlling. Instead, I believe that *Murphy* suggests that denying a defendant the right to depose a witness before trial is a violation of due process, i.e., fundamental error, which need not be preserved. Pursuant to *Murphy*, I would hold that depriving the defendant the ability to depose the State's witnesses was an abuse of discretion and reversible error.

For the foregoing reasons, I respectfully dissent from the majority's decision to affirm Hale's conviction.