MATHIAS, Judge,
dissenting.
[1] I believe that the trial court’s denial of Hale’s request to depose Casto and Fisher was improper. I therefore respectfully dissent.
[2] “Our discovery rules are designed to allow liberal discovery with a minimum of court involvement in the discovery process.” Wise v. State, 26 N.E.3d 137, 145 (Ind.Ct.App.2015), tram, denied (citation omitted). Also, the State acknowledges that discovery requests, such as Hale’s request to depose Casto and Fisher, should be granted if the defendant shows: (1) that the information sought is sufficiently designated, (2) that the information is material to the defense, and (3) that the State does not demonstrate a paramount interest in non-disclosure. Id.
[3] Here, in his motion for funds to depose the witnesses, Hale specifically designated the information sought—the depositions of Casto and Fisher. Appellant’s App. p. 37. The information sought is clearly material to the defense; Casto and Fisher were co-defendants who signed plea agreements with the State indicating that they would testify against Hale. Lastly, nothing in the record suggests at all that the State had any interests in non-disclosure. Thus, I can only conclude that the trial court’s decision to deny Hale’s motion was an abuse of discretion.[3]
[4] The majority recognizes that, in Murphy v. State, our supreme court held that the deprivation of the right to depose witnesses was not subject to a harmless error analysis. 265 Ind. 116, 120-21, 352 N.E.2d 479, 482-83 (1976). However, the majority chooses not to directly address Hale’s claims on the merits and concludes that Hale failed to preserve his claim. In support of its decision, the majority claims that our supreme court’s subsequent holding in O’Conner v. State, 272 Ind. 460, 399 N.E.2d 364 (1980),[4] modified the holding in Murphy[5] to require a defendant to object and seek a continuance to preserve the issue for purposes of appeal.
[5] I believe, however, that O’Conner is distinguishable. At issue in O’Conner was the defendant’s request to depose certain witnesses during trial because the witnesses had not been disclosed to the defendant prior to trial. 272 Ind. at 462, 399 *135 N.E.2d at 366. The O’Conner court noted that the defendant had not requested the proper remedies for claims that the State had violated a discovery order: exclusion of the evidence or a continuance. Id,, 399 N.E.2d at 367.
[6] More importantly, in rejecting the claim of error regarding the witness disclosed on the first day of trial, the court noted that O’Conner had “ample opportunity to contact and depose [the witness] during those four day [after the witness had been disclosed].” Id. (emphasis added). Thus, in O’Conner, the court assumed that the defendant had the ability to depose one of the witnesses prior to his testimony.
[7] In the present case, however, Hale did not request to depose the witnesses during trial. He requested to depose certain witnesses prior to trial, and the trial court denied these requests. As such, I do not believe that O’Conner is controlling. Instead, I believe that Murphy suggests that denying a defendant the right to depose a witness before trial is a violation of due process, i.e., fundamental error, which need not be preserved. Pursuant to Murphy, I would hold that depriving the defendant the ability to depose the State’s witnesses was an abuse of discretion and reversible error.
[8] For the foregoing reasons, I respectfully dissent from the majority’s decision to affirm Hale’s conviction.

. The State’s argument that Hale's request was untimely because the depositions might have led to further discoverable evidence that might delay the trial is not really substantive, because if its rationale is accepted, it could be used to prevent any meaningful discovery.

. O'Conner was overruled on other grounds by Watts v. State, 885 N.E.2d 1228 (Ind.2008).

. I acknowledge that our supreme court’s holding in Murphy is almost forty years old. However, it appears that the holding is still good law. In fact, the court cited Murphy in 2002, but simply distinguished the case and gave no indication that it was not still valid precedent.